ORIGINAL

Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys at Law
A Law Corporation

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
SEP 05 2013
at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

JAMES K. TAM                1485-0
MIRIAH HOLDEN               9011-0
1001 Bishop Street, Suite 1800
Honolulu, Hawai`i 96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
E-mail: mholden@ahfi.com

Attorneys for Plaintiffs
HAWAII GLAZIERS TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| HAWAII GLAZIERS TRUST FUNDS (Health & Welfare Trust Fund, Pension Trust Fund, Annuity Trust Fund, Apprenticeship & Training Trust Fund, Vacation & Holiday Trust Fund, and Stabilization Trust Fund), by their Trustees Al Linton, Carl Seyfer, Dwayne Arelliano, Jody Boeringa, John Mathias, Ryden Valmoja, Sean Cordero and Wade Shigemasa,<br><br>Plaintiffs,<br><br>v.<br><br>ISLAND GLAZING, INC., formerly known as BIG ISLAND WINDOWS, INC.,<br><br>Defendant. | CIVIL NO. CV13 00448 SOM RLP<br><br>**COMPLAINT FOR SPECIFIC PERFORMANCE, ASSUMPSIT AND DAMAGES; SUMMONS** |

873994v1/10734-9

# COMPLAINT FOR SPECIFIC
# PERFORMANCE, ASSUMPSIT AND DAMAGES

COME NOW, Plaintiffs TRUSTEES OF THE HAWAII GLAZIERS TRUST FUNDS ("Plaintiffs" or "Trust Funds"), by and through their attorneys, Alston Hunt Floyd & Ing, for a Complaint against Defendant ISLAND GLAZING, INC., formerly known as BIG ISLAND WINDOWS, INC. ("Defendant"), and hereby allege and aver as follows:

1. Plaintiffs are the trustees of the Hawaii Glaziers Trust Funds, which include the Pension Trust Fund, Health & Welfare Trust Fund, Apprenticeship & Training Trust Fund, Vacation & Holiday Trust Fund, Annuity Trust Fund and the Stabilization Trust Fund.

2. The Trust Funds are express trusts created by a written trust agreement subject and pursuant to Section 302 of the Labor Management Relations Act (29 U.S.C. § 186), are multiple employer benefit plans within the meaning of Sections 3 and 4 of the Employee Retirement Income Security Act of 1974, i.e., "ERISA" (29 U.S.C. §§ 1002 and 1003), and have their principal place of business in the City and County of Honolulu, State of Hawai`i.

3. Upon information and belief, Defendant is and was at all times relevant herein a Hawai`i Corporation doing business in the State of Hawai`i.

4. This action arises under the Labor-Management Relations Act of 1947, as amended, the Employee Retirement Income Security Act of 1974 and

the Multiemployer Pension Plan Amendments Act of 1980, as amended. Jurisdiction is founded on questions arising under the above-mentioned Acts and more specifically under 29 U.S.C. §§ 185(a), 1145, and 1132(a) and (f), as amended.

5. Plaintiffs receive, manage and administer employee benefits for Defendant's covered employees. The benefits are derived from money contributions paid by Defendant in consideration of and for labor, materials and other services furnished by those employees under that certain Collective Bargaining Agreement by and between the Glaziers, Architectural Metal and Glassworkers Union Local 1889 AFL-CIO and Defendant.

6. On or about July 18, 2011 and August 12, 2013, Defendant executed Certifications of Receipt and Acceptance of The Master Labor Management Agreement by and between the Glaziers, Architectural Metal, and Glass Workers Union, Local 1889, AFL-CIO and the Glass/Metal Association of Hawaii effective from July 1, 2007 to and including June 30, 2012, and from July 1, 2012 through June 30, 2017, respectively, and the amendments thereto, along with the various trust agreements establishing each of the Plaintiffs' trusts (the "Master Agreement"). The Collective Bargaining Agreement and the Master Agreement are hereinafter referred to collectively as the "Agreements."

7. Under the terms of the Agreements, Defendant promised to pay employee benefit trust fund contributions to the Trust Funds for the work performed by Defendant's covered employees.

8. Under the terms of the Agreements, Defendant promised to submit monthly trust fund payroll transmittal reports to the Trust Funds identifying hours worked by Defendant's covered employees and to permit audits of its payroll records to allow the Trust Funds to ascertain whether all contributions due have been paid.

9. By virtue of 29 U.S.C. § 1132(g) and the Agreements, Defendant agreed to be subject to and bound by all terms and conditions of the various trust agreements, and further promised that in the event any monthly contributions were not paid when due, Defendant would pay to each trust fund liquidated damages in the amount of twenty percent (20%) of the contributions due to each respective fund or $20.00, whichever is greater, for each and every delinquent monthly contribution as provided by the Agreements.

10. By virtue of 29 U.S.C. § 1132(g) and the Agreements, Plaintiffs are entitled to recover from Defendant interest at the rate prescribed in the Agreements of ten percent (10%) per annum or the rate prescribed under Section 6621 of the Internal Revenue Code of 1954, whichever is greater, on all unpaid contributions.

11. Defendant's obligation to contribute to the Trust Funds under the Agreements is a continuing obligation and Defendant may owe additional contributions, liquidated damages and interest up to the time of trial or proof.

12. Defendant has failed to pay contributions and liquidated damages for the months of June 2012 through June 2013 in the total amount of $177,076.27 ($64,565.79 in contributions and $112,510.48 in liquidated damages). Defendant has also failed to submit its report for July 2013 and the August 2013 reports are due September 25, 2013.

13. Pursuant to the Agreements, the Plaintiffs are authorized and empowered to have authorized representatives of the Trust Funds' Administrative Office examine and audit Defendant's payroll books and records to permit the Trust Funds to determine whether Defendant is making full payment as required under the Agreements.

14. Should Defendant fail, neglect and refuse to permit the Trust Funds to audit its payroll books and records unless compelled specifically to permit such an audit, the Trust Funds are without an adequate remedy at law and may suffer immediate, continuing and irreparable injury, loss and damage unless Defendant is compelled specifically to permit the Trust Funds to audit its payroll books and records as required by the Agreements.

15. The Trust Funds notified Defendant and demanded that Defendant submit its delinquent report and contributions, but Defendant has failed, neglected and refused to submit timely payments and/or reports. As a result, Defendant is in default of its obligations under the Agreements.

16. Defendant may owe the Trust Funds contributions for Defendant's covered employees, the amount of which is unknown at this time because Defendant has neglected and refused to submit timely reports to the Trust Funds. If such contributions are owed, those amounts, together with liquidated damages and interest, are presently due and owing and have not been paid.

17. Defendant's obligation to contribute to the Trust Funds under the Agreement is a continuing obligation and Defendant may owe additional contributions, liquidated damages and interest up to the time of trial or proof.

18. At all times herein mentioned, it was and now is impracticable and extremely difficult to determine the amount of actual damages to the Trust Funds as a result of Defendant's failure to pay contributions. The amounts agreed upon herein, as alleged, as and for liquidated damages, represented and now represent a reasonable calculation of the damages caused to the Trust Funds by Defendant's failure to pay contributions.

19. Under the Agreements, Defendant further promised that if the Trust Funds took legal action to obtain its reports, conduct an audit and/or enforce

payment of contributions and/or liquidated damages from Defendant, Defendant would also pay all of the Trust Funds' auditor's fees and costs, court and collection costs and reasonable attorneys' fees.

20. By virtue of the foregoing, the Trust Funds have been damaged in such amounts as may be proven at trial or hearing on proof.

21. It has been necessary for the Trust Funds to engage counsel to demand submission of Defendant's reports, collect the contributions and liquidated damages, and obtain an audit, and the Trust Funds are entitled to an award of their court and collection costs and reasonable attorney's fees in connection therewith.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

A. Judgment against Defendant under the terms of the Agreements in the amount of $177,076.27, plus accruing interest and other charges;

B. Ordering and compelling Defendant to submit timely reports and contributions, in accordance with the Agreements;

C. Ordering Defendant to permit the Trust Funds to audit its payroll books and records in accordance with the Agreements;

D. Awarding the Trust Funds the amounts as may be determined to be due and owing after the necessary reports have been provided, and/or after the necessary payroll audit has been conducted, plus such other amounts as may be

due and owing at the time of trial or proof;

E. Ordering Defendant to submit all required reports due after the date the complaint is filed, and awarding the Trust Funds all unpaid contributions that continue to accrue;

F. Awarding the Trust Funds liquidated damages as provided in the Agreements, on any unpaid contributions due and owing pursuant to the Agreements, whichever amount is greater;

G. Awarding the Trust Funds such additional amounts as may, by proof, be shown to be due and owing at the time of trial or proof.

H. Awarding the Trust Funds collection costs, costs of court and reasonable attorney's fees pursuant to the Agreements or other laws; and

I. Awarding the Trust Funds any further and additional relief as the Court deems proper.

DATED: Honolulu, Hawai`i, September 5, 2013.

/s/ Miriah
JAMES K. TAM
MIRIAH HOLDEN
Attorneys for Plaintiffs
HAWAII GLAZIERS TRUST FUNDS