IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII GLAZIERS TRUST FUNDS, ET AL., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>ISLAND GLAZING, INC., formerly )<br>known as BIG ISLAND WINDOWS, )<br>INC., )<br>)<br>Defendant. )<br>_____ ) | CIVIL NO. 13-00448 SOM-RLP<br><br>FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT ISLAND GLAZING, INC., FORMERLY KNOWN AS BIG ISLAND WINDOWS, INC. |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT ISLAND GLAZING, INC., FORMERLY KNOWN AS BIG ISLAND WINDOWS, INC.[1]

Plaintiffs Hawaii Glaziers Trust Funds filed their Motion for Default Judgment Against Defendant Island Glazing, Inc. formerly known as Big Island Windows, Inc. on January 6, 2013 ("Motion"). ECF No. 7. Defendant did not file an opposition or otherwise respond to the Motion. The Court found the Motion suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. ECF No. 8. After careful consideration of the Motion, the declaration, exhibits,

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

and the record established in this action, the Court FINDS AND RECOMMENDS that the Motion be GRANTED IN PART AND DENIED IN PART.

BACKGROUND

Plaintiffs filed their Complaint against Defendant on September 5, 2013. ECF No. 1. The Complaint alleges that Defendant entered into a collective bargaining agreement agreeing to contribute and pay to Plaintiffs certain contributions for employee benefits for work performed by Defendant's covered employees. Compl. ¶¶ 6-9. Contributions were to be paid on or before due dates specified in the collective bargaining agreement. Id. ¶ 7. Under the collective bargaining agreement, Defendant also agreed to submit monthly reports regarding the hours worked by Defendant's covered employees and to permit audits of Defendant's payroll records so that Plaintiffs could ascertain whether all contributions had been paid. Id. ¶ 8. Plaintiffs claim that Defendant failed to make required contributions from June 2012 through June 2013 and failed to submit its monthly reports. Id. ¶ 12. Plaintiffs claim they are entitled to unpaid contributions, liquidated damages, an audit of Defendant's payroll books and records, and attorneys' fees and costs. Id. ¶¶ 13-19. The Clerk entered default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on October 18, 2013. ECF No. 6-3. The present Motion followed.

ANALYSIS

Default judgment may be entered for the plaintiff if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]" Fed. R. Civ. P. 55(b)(1), (2). The granting or denial of a motion for default judgment is within the discretion of the court. Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986). Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right. Valley Oak Credit Union v. Villegas, 132 B.R. 742, 746 (9th Cir. 1991). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). The court should consider the following factors in deciding whether to grant a motion for default judgment:

    (1) the possibility of prejudice to the plaintiff;

    (2) the merits of plaintiff's substantive claim;

    (3) the sufficiency of the complaint;

    (4) the sum of money at stake in the action;

    (5) the possibility of a dispute concerning material facts;

    (6) whether the default was due to excusable neglect; and

    (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72.

On default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)).  The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which it is entitled.  Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

**A.   Jurisdiction**

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether or not it has subject matter jurisdiction over this action and personal jurisdiction over Defendant.  See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.").  First, the Court has subject matter jurisdiction over Plaintiffs' claims related to unpaid

4

contributions pursuant to the Employment Retirement Income Security Act of 1974, as amended. See 29 U.S.C. §§ 1132(e), 1145. Second, the Court has personal jurisdiction over Defendant. Personal jurisdiction can be acquired by personal service or by a defendant's "minimum contacts" with the jurisdiction. Cripps, 980 F.2d at 1267 (citing Burnham v. Superior Court of Cal., 495 U.S. 604 (1990)). Here, Plaintiffs assert that service was made on Defendant through personal service on its registered agent, Tabetha Charest, "in accordance with Rule 4 of the Federal Rules of Civil Procedure" on September 17, 2013. Decl. of Miriah Holden submitted in support of the Request for Entry of Default ¶ 4. This service is sufficient under 29 U.S.C. § 1132(e)(2). The Court finds that it has both subject matter and personal jurisdiction.

### B. **Eitel Factors**

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate under the Eitel factors outlined above. The Court will address each factor in turn.

#### 1. **The Possibility of Prejudice to Plaintiffs**

The first factor considers whether the plaintiff would suffer prejudice if default judgment is not entered. See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, absent entry of default judgment, Plaintiffs

5

would be without another recourse for recovery.  Accordingly, the first <u>Eitel</u> factor favors the entry of default judgment.

### 2.  Merits of Plaintiffs' Substantive Claims

As noted above, for purposes of liability the factual allegations in the complaint are taken as true on default.  <u>See</u> <u>TeleVideo Sys., Inc.</u>, 826 F.2d at 917-18; <u>Fair Hous. of Marin</u>, 285 F.3d at 906.  Here, Plaintiffs brought this action against Defendant for unpaid contributions, liquidated damages, and to audit Defendant's payroll books and records.  <u>See</u> 29 U.S.C. §§ 1132(a), 1145; Compl. ¶ 13.  The terms of the collective bargaining agreement require Defendant to pay to Plaintiffs certain contributions based on work performed by Defendant's covered employees and to submit monthly payroll reports.  Compl. ¶¶ 7-8; Exs. A and B to Mot.  Defendant employed workers covered by the collective bargaining agreement and those workers performed work for Defendant when the collective bargaining agreement was in effect.  Compl. ¶ 12.  Defendant failed to make required contributions to Plaintiffs from June 2012 through November 2013.  <u>Id.</u>; ECF No. 7-5  Defendant also failed to submit the required monthly reports.  <u>Id.</u>  The Court finds that Plaintiffs' allegations, taken as true, and the documents submitted in support of the Motion are sufficient to establish that Plaintiffs are entitled to judgment against Defendant. Accordingly, this factor weighs in favor of default judgment.

### 3. Sufficiency of the Complaint

The allegations in the Complaint are sufficiently pled and supported by the documents filed with the Motion. The Court finds that the sufficiency of the Complaint weighs in favor of default judgment.

### 4. Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472). Plaintiffs seek $357,262.01 for delinquent contributions and liquidated damages. ECF No. 7-1 at 14-15; ECF No. 7-5. Additionally, Plaintiffs seek attorneys fees and costs of $6,414.57. Id. at 15. Plaintiffs' damages request is tailored to Defendant's specific wrongful conduct in failing to abide by the terms of the collective bargaining agreement. The Court finds that this factor weighs in favor default judgment.

### 5. Possibility of Dispute Concerning Material Facts

As noted above, the well-pled factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. TeleVideo Sys., Inc., 826 F.2d at 917-18. Defendant has been given a fair amount of time to answer the Complaint and deny that it failed to pay contributions and submit monthly reports; Defendant has not done so. Because no dispute has been raised regarding Plaintiffs' material factual

allegations, the Court finds that this factor favors default judgment.

### 6. Whether Default was Due to Excusable Neglect

The Court finds that Defendant's default was not the result of excusable neglect. Plaintiffs served Defendant on September 17, 2013. ECF No. 5. Defendant did not file a response to Plaintiffs' Complaint. Despite ample notice of this lawsuit, Defendant has not appeared in this matter to date. The record suggests that Defendant's default was not the result of any excusable neglect, but rather due to Defendant's conscious and willful decision not to defend this action. Consequently, this factor favors default judgment.

### 7. Policy Favoring Decisions on the Merits

Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible. Under Rule 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone dispositive"). Here, Defendant has failed to defend this action and has consequently rendered adjudication on the merits impracticable. This factor does not preclude the Court from

entering default judgment against Defendant.

### 8. Totality of <u>Eitel</u> Factors

The Court finds that the totality of the factors weigh in favor of entering default judgment in Plaintiffs' favor and against Defendant.

### C. Damages

Although Defendant's default establishes its liability, it does not establish the amount of damages or other relief to which Plaintiffs are entitled. <u>See</u> <u>Fair Hous. of Marin</u>, 285 F.3d at 906. Plaintiffs must provide evidence of their damages, and the damages "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Here, Plaintiffs request the following:  (1) $187,975.92 in delinquent contributions for the months of March 2013, and June 2013 through November 2013; (2) $169,286.09 in liquidated damages for June 2012 through November 2013; (3) contributions and li1quidated damages "in an amount to be determined" for December 2013; (4) $6,414.57 for attorneys' fees and costs; and (5) an order enforcing the terms of the collective bargaining agreement. ECF No. 7-1 at 14-15.  Each category of requested relief is addressed below.

### 1. Delinquent Contributions

Plaintiffs contend that Defendant owes delinquent contributions in the amount of $187,975.92.  In support of this

contention, Plaintiffs submitted a summary report that reflects $187,975.92 in outstanding contributions from Defendant for the months of March 2013, and June 2013 through November 2013. ECF No. 7-5; see also ECF No. 7-2, Decl. of Aileen Murakami. The Court finds Plaintiffs have established the requested damages for delinquent contributions and RECOMMENDS that Plaintiffs be awarded $187,975.92.

    **2. Liquidated Damages**

Plaintiffs seek liquidated damages of $169,286.09. This amount is itemized in the summary report provided by Plaintiffs, including the hours and rates for each category of unpaid contributions. ECF No. 7-5. The collective bargaining agreement and 29 U.S.C. § 1132(g)(2)(C) provide that Plaintiffs are entitled to recover liquidated damages equal to twenty percent of delinquent trust fund contributions. See Ex. A to Mot. at 28-29; 29 U.S.C. § 1132(g)(2)(C). Based on Plaintiffs' documentation, the terms of the collective bargaining agreement, and the applicable statutory provision, the Court finds that Plaintiffs have established the requested liquidated damages and RECOMMENDS that Plaintiff be awarded $169,286.09.

    **3. Delinquent Contributions and Liquidated Damages for December 2013**

Plaintiffs request damages for delinquent contributions and liquidated damages for December 2013 "in an amount to be

determined." ECF No. 7-1 at 15. Plaintiffs fail to provide any documentation to support a calculation of damages for December 2013. See ECF No. 7-5 (providing calculation of delinquent contributions and liquidated damages for June 2012 through November 2013); ECF No. 7-2, Decl. of Aileen Murakami ¶ 8 (stating that Defendant failed to pay contributions and liquidated damages through November 2013). The Court finds that Plaintiffs have failed to provide evidence to support these requested damages and RECOMMENDS that the district court DENY Plaintiffs' request for damages for December 2013.

### 4. Attorneys' Fees and Costs

An award of reasonable attorneys' fees and costs is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. § 1132(g) and § 1145. Additionally, the collective bargaining agreement requires Defendant to pay "reasonable attorney's fees" if it is necessary for Plaintiffs to take legal action to force Defendant to submit monthly reports and pay contributions and liquidated damages. ECF No. 7-3, Ex. A to Mot. at 29. Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). A reasonable fee is determined by multiplying (1) "the number of hours reasonably expended on the litigation" by (2) "a reasonable

11

hourly rate." Hensley, 461 U.S. at 433.  The lodestar amount may also be adjusted based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation.  See Fischer, 214 F.3d at 1119 (citation omitted).

Plaintiffs request $5,759.17 in attorneys' fees and taxes already incurred.  Decl. of Miriah Holden submitted in support of Mot. ("Holden Decl.") ¶ 8.  The request includes the following hours:  6.2 hours for work performed by James K. Tam, Esq.; 14.3 hours for work performed by Miriah Holden, Esq.; 2.1 hours for work performed by Leilani M. Murillo, paralegal.  Holden Decl. ¶ 8.  After reviewing the time entries, the Court finds that the hours requested are reasonable.  Next, the Court must consider whether the rates requested are reasonable.  Plaintiffs request $300 per hour for Mr. Tam, who was admitted to the Hawaii bar in 1974.  Id. ¶ 9a.  Plaintiffs request $175 per hour for Ms. Holden, who was admitted to the Hawaii bar in 2008.  Id. ¶ 9b.  Based on the Court's familiarity with the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill, and reputation, the Court finds that the rates for Mr. Tam and Ms. Holden are reasonable.  Plaintiffs seek $125 per hour for the work performed by Ms. Murillo, a paralegal with 12 years of experience.  Id. ¶ 9c.  The Court finds that this rate is excessive and that $85

per hour is a reasonable rate for the work performed by Ms. Murillo.  See, e.g., Yamada v. Weaver, Civil No. 10-00497 JMS-RLP, 2012 WL 6019363, *4 (D.Haw. Aug. 30, 2012) (finding a reasonable hourly rate for a paralegal with twenty-six years of experience was $85), *adopted as modified by*, 2012 WL 6019121 (D. Haw. Nov. 30, 2012).  The Court finds that Plaintiffs are entitled to $4,754.97[2] for attorneys' fees and taxes already incurred.  Additionally, based on the Declaration of Ms. Holden and the invoices submitted with the Motion, the Court finds that Plaintiffs are also entitled to $625.40 in costs already incurred in this action.  See Holden Decl. ¶ 13, ECF No. 7-6; ECF No. 7-7.

In addition to the fees and costs already incurred, Plaintiffs also request anticipated attorneys' fees and costs. Based on the Declaration of Ms. Holden, the Court finds that 2.5 hours of attorneys' fees for finalizing and filing the present

---

[2] The attorneys' fees and taxes already incurred are calculated as follows:

| **ATTORNEY** | **HOURS** | **RATE** | **FEE** |
|---|---:|---:|---:|
| James K. Tam, Esq. | 6.2 | $300.00 | $1,860.00 |
| Miriah Holden, Esq. | 14.3 | $175.00 | $2,502.50 |
| Leilani M. Murillo, paralegal | 2.1 | $85.00 | $178.50 |
| SUBTOTAL | | | $4,541.00 |
| 4.712% General Excise Tax | | | $213.97 |
| **TOTAL** | | | **$4,754.97** |

Motion and $30.00 in anticipated recording costs are reasonable. See Holden Decl. ¶ 12. However, the other anticipated attorneys' fees are not necessary considering there was no opposition to the Motion and the Court prepared the present order. See Holden Decl. ¶ 12. Accordingly, the Court finds that Plaintiffs are entitled to $488.12[3] in anticipated attorneys' fees and costs.

In total, the Court finds that Plaintiffs have established reasonable attorneys' fees and costs as detailed above and RECOMMENDS that Plaintiff be awarded $5,868.49[4] in attorneys' fees and costs.

### 4. Order Enforcing the Terms of the Collective Bargaining Agreement

Plaintiffs seek an order enforcing the terms of the collective bargaining agreement, specifically an order directing Defendant to submit to Plaintiffs all delinquent monthly reports and to allow Plaintiffs to audit Defendant's payroll books and records. ECF No. 7-1 at 14-15. Under the collective bargaining agreement, Defendant agreed to submit monthly reports regarding the hours worked by Defendant's covered employees and to permit audits and allow inspections of Defendant's payroll records so

---

[3] 2.5 hours x $175.00 per hour = $437.50 in fees + $20.62 in general excise tax + $30.00 recording fee = $488.12.

[4] $4,754.97 in fees and taxes already incurred + $625.40 in costs already incurred + $488.12 in anticipated fees, taxes, and costs = $5,868.49.

14

that Plaintiffs could ascertain whether all contributions had been paid. Compl. ¶ 8; ECF No. 7-3, Ex. A to Mot. at 26-27. The Court finds that Plaintiffs are entitled to an order directing Defendant to submit to Plaintiffs all delinquent monthly reports and to allow Plaintiffs to audit Defendant's payroll books and records pursuant to the terms of the agreement.

## CONCLUSION

In accordance with the foregoing, the Court FINDS AND RECOMMENDS that Plaintiffs' Motion for Default Judgment Against Defendant Island Glazing, Inc. formerly known as Big Island Windows, Inc. be GRANTED IN PART AND DENIED IN PART as follows:

(1) ENTER default judgment in Plaintiffs' favor and against Defendant Island Glazing, Inc. formerly known as Big Island Windows, Inc.;

(2) AWARD Plaintiffs damages in the amount of $187,975.92 for delinquent contributions; $169,286.09 for liquidated damages; and $5,868.49 for attorneys' fees and costs;

(3) DENY Plaintiffs' request for delinquent contributions and liquidated damages for December 2013.

///
///
///

(4) DIRECT Defendant to submit to Plaintiffs all delinquent monthly reports and to allow Plaintiffs to audit Defendant's payroll books and records pursuant to the terms of the collective bargaining agreement.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, FEBRUARY 11, 2014.



/s/ Richard L. Puglisi
Richard L. Puglisi
United States Magistrate Judge

**HAW. GLAZIERS TRUST FUNDS, ET AL. V. ISLAND GLAZING, INC., CIVIL NO. 13-00448 SOM-RLP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT ISLAND GLAZING, INC., FORMERLY KNOWN AS BIG ISLAND WINDOWS, INC.**